[No. 7,457.—Department Two.]

## JOHN STEELE v. HIS CREDITORS.

PUBLICATION OF NOTICE TO CREDITORS OF AN INSOLVENT.—The order for the meeting of the creditors of an insolvent made May 21st, 1879, and fixing June 23d, 1873, for the meeting, directed notice to be published at least once a week for four weeks in "The Woodland Democrat;" and the notice was published in "The Woodland Daily Democrat" on the 23d and 30th of May, and on the 6th and 13th of June. *Held*, that the publication was sufficient.

ID.—The statute does not direct that the judge shall name the paper in which the notice is to be published.

APPEAL from an order of the Superior Court of Yolo County. BUSH, J.

On the 21st day of August, 1879—after the notice referred to in the opinion—an order was made discharging the insolvent from his debts; and afterwards—June 22d, 1880—upon the application for a distribution of the assets, the Court made the order appealed from, declaring all orders made subsequent to June 23d, 1879—including the order of discharge—void and of no effect.

*C. P. Sprague*, for Appellant.

The sufficiency of the notice is the only point in the case, and the notice was sufficient. (*Savings and Loan Society* v. *Thompson*, 32 Cal. 353.) All the presumptions are in favor of the validity of the decree of discharge. (*Barrett* v. *Carey*, 33 Cal. 537; *Whitwell* v. *Barbier*, 7 id. 54, 63, 64; *Dorente* v. *Sullivan*, id. 279; *Peck* v. *Strauss*, 33 id. 685; *In the Matter of Martin Conner*, 39 id. 99.)

*Marshall, Craig & Grant*, for Respondents.

It has been held by the Supreme Court of the United States, reported in the case of *Ronkendorf* v. *Taylor*, 4 Pet. 349, that a week is a definite period of time commencing on Sunday and ending on Saturday, which has been by our Supreme Court approved in the case of *The S. F. S. & L. Society* v. *Thompson*, reported in 32 Cal. 353, which by careful reading will be found conclusive against the sufficiency of

the publication of notice in this case. As will appear, there was one week of the time in which no notice of publication was made whatever, as will be seen by computing the time from May 23d to June 13th, the time during which the notice ·was published. It will be seen by dividing the twenty-eight days into weeks (and the week in which the four weeks or twenty-eight days expire), there was no publication whatever. In the case of *Early* v. *Doe*, reported in 16 Howard, U. S. Supreme Court Reports, 610, and in the case of *S. F. S. & L. Society* v. *Thompson*, 32 Cal. 347, the point is made, and upon this ground only the publication is held sufficient, namely, because one of the publications is in each and every week between the time the notice began to run, and the time at which the three months would expire.

The COURT:

The order of the court below, made June 22d, 1880, was erroneous, for the following reasons :

1. The order fixing time for meeting of creditors and directing notice was made May 21st, 1879; the time fixed for the meeting was June 23d, 1879; the notice was published May 23d, May 30th, June 6th, and June 13th. This was sufficient.

2. The order directed the notice to be published in The Woodland *Democrat ;* the affidavit states that the publication was made in The Woodland Daily *Democrat.* This was not error. The statute does not direct that the Judge shall name the paper in which the notice is to be published; the Judge is to fix the time and direct notice to be given, and the Clerk is to give the notice.

Order reversed.